[No. 37714.    Department One.    October 20, 1966.]

THE STATE OF WASHINGTON, *Respondent,* v. BERNARD, F. GALLEGOS, *Appellant.**

*Comfort, Dolack & Hansler (Gerald L. Hulscher,* of counsel), for appellant.

*John G. McCutcheon, Eugene G. Olson,* and *H. Edward Haarmann,* for respondent.

PER CURIAM.—On May 31, 1962, appellant, Bernard F. Gallegos and a codefendant, Gary F. Johnston, both charged with the crime of grand larceny, went on trial before a jury. The jury found the appellant guilty, and on September 25, 1962, he was sentenced to no more than 15 years in the state reformatory. Appellant filed notice of appeal on October 2, 1962. On the petition and stipulation of the parties, the Supreme Court on April 10, 1963, dismissed appellant's appeal, and the remittitur was filed in the office of the county clerk, April 11, 1963. Thereafter, on April 16, 1963, the Superior Court for Pierce County entered an amended order deferring the imposition of sentence for 5 years. On May 8, 1964, this deferred sentence

*Reported in 419 P.2d 326.

was revoked and appellant was again sentenced to the state reformatory for not more than 15 years. On May 18, 1964, appellant then appealed on the basis of error committed at his trial of May 31, 1962. This appeal is now before us for review.

■ The state now argues that this court should not consider this appeal, as the time for appeal has long since elapsed. In a criminal case the time for appeal runs from the time the final order was entered. In this case appellant received his judgment and sentence on September 25, 1962. Considering this as a starting date, appellant's appeal time has long since expired. (Rule on Appeal 46.) The fact that this is a second appeal is irrelevant, as Rule 20 of the Rules on Appeal makes it clear that second appeals must comply with the time limit set for first appeals. Appellant argues that he is appealing from the revocation of the deferred sentence dated May 8, 1964, and that from that date this appeal is timely.

■ We cannot agree with this argument. The court must act within the limits of the statutes. *State v. Farmer*, 39 Wn.2d 675, 237 P.2d 734 (1951). After an appeal is taken, the trial court loses its jurisdiction over the subject matter of the appeal, and cannot change its judgment or its orders entered before the appeal. *Sewell v. Sewell*, 28 Wn.2d 394, 184 P.2d 76 (1947). This problem has been extensively dealt with in the case of *State ex rel. Schock v. Barnett*, 42 Wn.2d 929, 932, 259 P.2d 404 (1953):

> Suspension of the execution of defendant's sentence, upon his petition for probation, necessarily would be an exercise of the court's power to stay or suspend that sentence. This power is conditioned upon its exercise at the time the sentence is imposed. Reading the cited statutes together, as we are obliged to do by their terms, we find no provision authorizing the court to suspend or stay a sentence upon a petition for probation at any time other than at "the time of imposing sentence."

Therefore, the trial court was without jurisdiction to enter the deferred sentence of April 16, 1963, or the amended sentence of May 8, 1964. The judgment and sentence of September 25, 1962, was self-executing and was

the final order in this case. The timeliness of an appeal must be determined from this date. Therefore, this court is without jurisdiction to hear this appeal.

The appeal is dismissed.