[No. 17400–2–I.   Division One.   December 23, 1985.]

THE STATE OF WASHINGTON, *Petitioner,* v. PETER SAVO CIRKOVICH, *Respondent.*

*Norm Maleng, Prosecuting Attorney,* and *Linda Walton, Deputy,* for petitioner.

*Robert Goldsmith* of *Seattle–King County Public Defender Association,* for respondent.

WEBSTER, J.—The State seeks review of a trial court order granting a motion to modify a sentence previously imposed on a juvenile. We reverse.

Peter Cirkovich was convicted of rape in the second degree in 1982. Cirkovich was sentenced to the standard range, which included commitment to the Department of Juvenile Rehabilitation for a period of 21 to 28 weeks. In its disposition order, the court stayed its sentence pending the outcome of Cirkovich's appeal. We affirmed. *State v. Cirkovich,* 35 Wn. App. 134, 665 P.2d 440 (1983).

In the meantime, Cirkovich had turned 18 and left the state. No order extending jurisdiction was ever entered. This matter eventually came before us again on the issue of whether Washington had jurisdiction to extradite Cirkovich and execute its sentence. We concluded it did. *State v. Cirkovich,* 41 Wn. App. 275, 703 P.2d 1075, *review denied,* 104 Wn.2d 1019 (1985).

Cirkovich waived extradition and returned to Washington. He then filed a motion requesting that the juvenile court reconsider its original sentence under CR 60(b)(11). The trial court heard this motion, entered findings of fact

and conclusions of law, and granted the reconsideration. The court entered a new order of disposition in which it found Cirkovich to be a serious offender, found that a disposition within the standard range would effectuate a manifest injustice, and imposed a sentence of 60 days with credit for time served of 28 days. In its findings of fact and conclusions of law, the trial court enumerated the considerations it found important. These considerations centered on Cirkovich's present living conditions and his rehabilitation since entry of the original sentence. The court concluded that modification of the sentence was appropriate under CR 60(b)(11), that Cirkovich is a different person now and not in need of further rehabilitation, that further rehabilitation would not be in Cirkovich's best interest, and that the ends of justice would not be met if Cirkovich were sentenced to the Department of Juvenile Rehabilitation. The court specifically concluded that the purposes of the juvenile justice act would not be served by placing Cirkovich in confinement with the Department.

The State brought a motion for discretionary review. A commissioner of this court granted review and referred the motion to a panel for consideration on its merits pursuant to RAP 18.12. Cirkovich will become 21 on July 19, 1986. The issue presented is whether the juvenile court may modify Cirkovich's sentence.

Cirkovich first contends that the trial court has the power to modify its sentence under CR 60(b)(11). We disagree. The trial court may not modify a sentence under CR 60(b)(11) based on changes in a defendant's situation which have occurred since the entry of judgment. *State v. Dorosky,* 28 Wn. App. 128, 622 P.2d 402, *review granted,* 95 Wn.2d 1021, *review dismissed,* 96 Wn.2d 1011 (1981).

Cirkovich argues alternatively that the juvenile court has discretion to modify this sentence and the exercise of that discretion should not be disturbed absent a manifest abuse. Cirkovich further argues that the court has inherent power to "do justice". We do not agree.

Former RCW 13.04.150 provided that the juvenile court

had the power to modify or set aside any order made by that court in the case of a dependent or delinquent child. This statute was recodified as RCW 13.34.150 and the words "or delinquent" were deleted. The court's power to deal with juvenile offenders is now codified in RCW 13.40, which does not include a provision similar to former RCW 13.04.150.

Certain provisions of RCW 13.40 suggest that the Legislature did not intend for the juvenile court to have the power exercised here. RCW 13.40.160(1) provides that when a juvenile is a serious offender, "the court shall commit the offender to the department". Cirkovich is a serious offender. RCW 13.40.185 provides that confinement in excess of 30 days shall be served under the supervision of the Department. Cirkovich was sentenced to a term of confinement greater than 30 days. Although two provisions specifically allow for modification of a sentence, they apply only under limited circumstances. RCW 13.40.190 permits modification of a restitution order and RCW 13.40.200 provides for modification where the order of confinement is for less than 30 days.

Taken together, the Legislature's recodification and its decision to include certain provisions specifically authorizing modification suggest that a serious offender or a juvenile sentenced to a confinement period greater than 30 days may not thereafter have his period of confinement modified by the trial court.

■ Support for this interpretation is found in the rules applicable to adult sentencing. These rules may be applied by analogy to juvenile proceedings where they are not inconsistent with the purposes of the juvenile justice act. *State v. Bird,* 95 Wn.2d 83, 622 P.2d 1262 (1980). The imposition of sentence after a finding of guilty makes a case final, *State v. Siglea,* 196 Wash. 283, 82 P.2d 583 (1938); *Tembruell v. Seattle,* 64 Wn.2d 503, 392 P.2d 453 (1964), and the court thereafter has no power to change its sentence. *State v. Gallegos,* 69 Wn.2d 586, 419 P.2d 326 (1966); *State ex rel. Schock v. Barnett,* 42 Wn.2d 929, 259 P.2d 404

(1953). We hold that the juvenile court also lacks authority to modify its sentence under the circumstances presented here.

Cirkovich further argues that the court's action may be considered to be a revision hearing. The original sentence was entered by a juvenile court commissioner. The revised sentence was entered by a judge. We reject this argument.

■ Once a juvenile has failed to challenge a sentence on appeal, he may not thereafter be allowed to collaterally attack it on nonconstitutional grounds. *In re Schellong*, 94 Wn.2d 314, 616 P.2d 1233 (1980). We doubt whether a revision hearing could be brought under the rules after two appeals in this case. Without deciding the question, we conclude that the hearing conducted here, however characterized, amounts to an impermissible collateral attack.

We are sympathetic with the equities presented by this case, but do not agree that the purposes of the juvenile justice act would not be served by placing Cirkovich under the authority of the Department. The act is the legislatively imposed system governing the juvenile court's power over juveniles. The act has two purposes, rehabilitation and punishment. *In re Smiley*, 96 Wn.2d 950, 640 P.2d 7 (1982). A judge's discretion does not include the power to disregard the terms of the act or its dual purposes. By placing too much emphasis on Cirkovich's rehabilitation, the court has failed to adequately consider the issue of accountability.

Reversed and remanded.

SWANSON and GROSSE, JJ., concur.

Reconsideration denied February 24, 1986.

Review denied by Supreme Court June 5, 1986.