[No. 8287–3–III.   Division Three.   May 26, 1988.]

THE STATE OF WASHINGTON, *Appellant,* v. ARLISS YVONNE SHOVE, *Respondent.*

*Donald C. Brockett, Prosecuting Attorney,* and *Dennis O'Shea, Deputy,* for appellant.

*Bevan Maxey,* for respondent.

THOMPSON, J.—The State appeals the early release and resentencing of Arliss Shove, 6 months after a determinate sentence had been entered. We hold the trial court had jurisdiction to modify its sentence, but remand for proper sentencing.

On February 14, 1986, Arliss Shove pleaded guilty to four counts of first degree theft pursuant to a plea agreement whereby the State agreed to dismiss a fifth count, and Mrs. Shove agreed to the State's recommended sentence, including full restitution to the victim. On March 21, 1986, the trial court sentenced Mrs. Shove to 12 months' partial confinement at the Spokane County work release facility at Geiger, followed by 12 months' community supervision on each count, to be served concurrently, and ordered her to pay $84,398.35 restitution within 10 years. The sentence was within the standard range under the Sentencing Reform Act of 1981 (SRA).

Approximately 5 months after the sentence was imposed, Mrs. Shove filed a motion asking the court for a "time cut", appending an affidavit by a Geiger work release officer indicating Mrs. Shove was having great difficulty with the long commute from Gieger to her job in Rathdrum, Idaho, leaving at 3 a.m. and returning at 7 p.m. the following evening. Mrs. Shove was 50 years old. Her health was a concern, and the officer felt if she continued this rigorous schedule, her mental and physical condition would deteriorate to the point where she would be unable to continue her employment resulting in the inability to pay work release costs, continue to pay restitution, or support her family. The victim had no objection to the recommendation.

The court granted the time cut. In doing so, it declared an exceptional sentence. The final order sentenced her to 10 years in prison, suspended except for time already served, and 10 years' probation. Findings of fact and conclusions of law were prepared, basing the exceptional sentence on the concerns expressed by the corrections officer. The State appeals, contending the trial court did not have jurisdiction under the SRA, RCW 9.94A, to modify Mrs.

Shove's sentence 6 months after imposing a determinate sentence.

Generally, a trial court loses authority to change a previously imposed sentence following a finding of guilt. *In re Shriner,* 95 Wn.2d 541, 627 P.2d 99 (1981); *State v. Sampson,* 82 Wn.2d 663, 513 P.2d 60 (1973); *State v. Gallegos,* 69 Wn.2d 586, 419 P.2d 326 (1966); *State ex rel. Schock v. Barnett,* 42 Wn.2d 929, 259 P.2d 404 (1953); *State v. Cirkovich,* 42 Wn. App. 403, 406, 711 P.2d 374 (1985), *review denied,* 106 Wn.2d 1005 (1986). Also, it has been held a trial court is without authority to modify its sentence under CR 60(b)(11) based on changes in a defendant's situation which have occurred since entry of judgment. *State v. Cirkovich, supra; State v. Dorosky,* 28 Wn. App. 128, 622 P.2d 402, *review dismissed,* 96 Wn.2d 1011 (1981). The reasoning in these cases would apply to the recently enacted CrR 7.8(b)(5),[1] cited by Mrs. Shove, which is identical to CR 60(b)(11), earlier held applicable to both civil and criminal proceedings. *See State v. Scott,* 92 Wn.2d 209, 212, 595 P.2d 549 (1979).

Nevertheless, there is support for what the trial court tried to accomplish.[2] As to a sentence imposed under the juvenile justice act, in *Cirkovich* the court held sentence modification based on changes after sentencing was beyond the trial court's power. There, the court looked to certain provisions of RCW 13.40 and held they evidenced the Legislature's intent the juvenile court not have power to modify a sentence under the circumstances presented. It noted

---

[1]CrR 7.8(b)(5):

"**(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud; etc.** On motion and upon such terms as are just, the court may relieve a party from a final judgment, order, or proceeding for the following reasons:

". . .

"(5) Any other reason justifying relief from the operation of the judgment."

[2]The modification of Mrs. Shove's sentence was based on an evaluation of her situation *after* sentencing, but the primary concern was the unchanged goal of the court to ensure that restitution be paid to the victim of her crime.

RCW 13.40.160(1) provides when a juvenile is a serious offender "'the court shall commit the offender to the department'". *Cirkovich,* at 406. Also, RCW 13.40.185 provides that confinement in excess of 30 days would be served under the Department's supervision. Both criteria applied to *Cirkovich*; he was a serious offender and his original sentence was for more than 30 days' confinement. The court also noted two provisions allowing for modification under limited circumstances, *i.e.,* modification of restitution and modification where the order of confinement is for less than 30 days. Since the statutes indicated the Department, and not the trial court, had jurisdiction over the defendant, the trial court could not modify. In this case, the SRA provides what was missing in *Cirkovich,* and the provisions parallel the considerations expressed above. *State v. Bernhard,* 108 Wn.2d 527, 741 P.2d 1 (1987) contains the analysis which is applicable here.

In *Bernhard,* the issue was whether a trial court could sentence a defendant with a prior criminal record to an inpatient drug treatment facility. The State contended under the SRA the trial court had no power to specify the confinement facility, and could not, under the exceptional sentence provisions, define conditions of the community supervision sentence imposed. In rejecting both arguments, the court analyzed the 1984 amendments to the SRA, including RCW 9.94A.383 creating a new section on community supervision. The court recognized the SRA had significantly altered prior sentencing law for felons by distinguishing between them depending upon length of sentence. For felons sentenced to 1 year or less, the court held trial courts retain authority to determine the type of confinement facility. The court stated:

> The State argues that important policy reasons dictate that the power to designate a confinement facility must be lodged with an entity having the power to change the designation if certain types of problems develop (medical or psychiatric problems, good or bad behavior, problems between inmates). While this seems true, the Legislature

542

has given the trial court the power to *modify its sentence if the defendant violates any condition or requirement.* RCW 9.94A.200(1). Moreover, the power to sentence a defendant to a low–security special detention center pursuant to RCW 70.48.400, *implies the power to alter the sentence if the facility does not suit the defendant's needs.*

(Italics ours.) *Bernhard,* at 535.

The amendments adopted in 1984 were viewed by the Legislature as restoring greater discretion to trial judges, and were characterized as "express authority to suspend or defer the sentences of felons sentenced to a year or less in jail". Final Bill Report, SHB 1247, 48th Legislature (1984), Synopsis as Enacted, at 3, *quoted in Bernhard,* at 531; 539–40. This is in contrast to RCW 9.94A.130 which abolished the power to defer or suspend the imposition or execution of sentences for felons except certain sexual offenders. *Bernhard* noted this demonstrates a legislative intent that community supervision would give trial courts increased discretion to impose conditions other than confinement. *Bernhard,* at 540.

Here, Mrs. Shove's standard sentence range was 4 to 12 months. Being less than 1 year, her sentence, and the trial court's authority under the SRA, fall within the relevant discussion in *Bernhard.* The trial court ordered restitution to the victim and sentenced Mrs. Shove to 12 months of partial confinement, with 12 months' community supervision to follow. The court found the conditions imposed were not furthering the SRA's goal of protecting the public through continued restitution. *See* D. Boerner, *Sentencing in Washington* § 4.8, at 4–14 (1985). *Bernhard's* recognition that "the power to sentence a defendant to a low–security special detention center pursuant to RCW 70.48.400, implies the power to alter the sentence if the facility does not suit the defendant's needs", coupled with the authority to "suspend or defer the sentences of felons sentenced to a year or less in jail" supports the trial court's intended outcome. The trial court's sentence, originally and

as modified, tends to implement the Legislature's expression of "a strong desire that victims receive restitution . . .", D. Boerner, *Sentencing in Washington* RCW 9.94A-.140 comment, app. 1, at I–10 (1985), by attempting to allow Mrs. Shove to repay her restitution obligation. The court's retention of jurisdiction for 10 years, in the original sentence, to further the purposes of its restitution order under RCW 9.94A.140,[3] also lends support to the attempted modification of Mrs. Shove's sentence.

We hold the trial court retained the authority to order Mrs. Shove released after 5 months. Although the court's findings concerning mitigating circumstances provide justification for the court's action, it was unnecessary to declare an exceptional sentence because Mrs. Shove's standard range was 4 to 12 months. However, if the court intended to order more than 12 months' community supervision, it would then be necessary to declare an exceptional sentence. RCW 9.94A.383. As noted in *Bernhard,* at 540, "'[t]here are no restrictions on *conditions* or *length* of community supervision for exceptional sentences'" (italics ours) (quoting D. Fallen, *Preliminary Evaluation of Washington State's Sentencing Reform Act* 33 (1986)).

It is apparent the court intended to sentence Mrs. Shove to the 5 months already served, and to order community supervision so as to monitor her ability to make restitution. However, the court changed the order presented to it by amending the line "five months of incarceration with the Spokane County work release facility . . ." to read "10 years in prison suspending all but the period of incarceration . . . with 10 years probation". This was improper.

First, the power to suspend or defer and order community supervision only exists for sentences of 1 year or less. Here, the 10–year sentence would obviously remove this

---

[3] RCW 9.94A.140 reads in part: "For the purposes of this section, the offender shall remain under the court's jurisdiction for a maximum term of ten years subsequent to the imposition of sentence."

basis for the trial court's action. Also, there is no "probation" as such under the SRA. We therefore remand for proper sentencing. *Brooks v. Rhay,* 92 Wn.2d 876, 602 P.2d 356 (1979). The court, on remand, can justify an extended term of community supervision, if that was its intention, by entering findings of fact and conclusions of law justifying an exceptional sentence.

We remand this case to the trial court for resentencing.

McINTURFF, C.J., and GREEN, J., concur.

Review granted by Supreme Court October 4, 1988.