[No. 31545-5-I.   Division One.   December 13, 1993.]

THE STATE OF WASHINGTON, *Respondent,* v. CURTIS
HAYDEN, *Appellant.*

*Jeffrey Ellis* of *The Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Jennifer Gilman, Deputy,* for respondent.

PEKELIS, A.C.J. — Appellant contends that the trial court erred when it modified his juvenile court disposition to include a prohibition on contact with children and developmentally disabled persons. He asserts that modification is not authorized in the absence of a violation of the terms of his disposition. He also argues that the modification violated his rights to due process and equal protection. We affirm.

Owing to an incident of sexual contact with a 3-year-old, Curtis Hayden, a juvenile, was charged in Pierce County with one count of child molestation in the first degree. He pleaded guilty and was sentenced under the special sex offender disposition alternative (SSODA) as a "middle offender". The disposition order imposed a number of terms and conditions pertaining to his community supervision, including supervised probation and counseling. The Pierce County Juvenile Court then transferred jurisdiction to King County, Hayden's county

of residence, for supervision and enforcement of the terms of his disposition.

Several months later, Hayden's probation officer noted a motion for review of the disposition order. Because the probation officer had learned that Hayden was living in a home where two young children resided, she requested that an additional condition be added to Hayden's SSODA disposition preventing unsupervised contact with children or developmentally disabled adults. The probation officer represented to the juvenile court commissioner that "[t]his is a standard condition in all SSODA clients", and pointed out that "this is a common practice for the Court to modify Orders". Accordingly, over Hayden's objection, the commissioner ordered the following additional condition:

> Respondent shall have no contact with youngsters 2 years younger than self, nor developmentally disabled adolescents or adults unless in the presence of an adult knowledgeable of the offense and who has been approved by the therapist and probation counselor.

Hayden brought a motion for revision, requesting that the court vacate the order entered by the commissioner. He argued that the court had no jurisdiction or authority to modify his disposition since he had not violated any portion of the original order. Initially, the trial court agreed and vacated the modification, but upon the State's motion for reconsideration the trial court determined that "the commissioner did have authority to modify the [Pierce County] court's previous order". Accordingly, the court reinstated the commissioner's order adding the no contact condition to Hayden's disposition.

Hayden appeals.

## I

Hayden contends first that the trial court acted outside of its statutory authority in ordering the modification in this case. Hayden argues that the court may not do so where there has been no violation of the conditions of the juvenile offender's original disposition.

When sentencing a juvenile offender under the Juvenile Justice Act of 1977 (JJA), RCW 13.40, the court may in appropriate cases suspend the juvenile's disposition and impose a special sex offender disposition alternative. RCW 13.40-.160(5). An SSODA disposition places the juvenile on community supervision and ordinarily includes a number of conditions. If the juvenile violates any of the SSODA conditions, the court may, after a hearing, either revoke the SSODA disposition or modify the disposition order. RCW 13.40.160(5); RCW 13.40.200(1). In cases where the juvenile has been transferred to the county of his or her residence for supervision and enforcement of the disposition order, the act expressly empowers the receiving county "to modify and enforce the disposition order." RCW 13.40.060(3).

According to Hayden, this statutory scheme expressly delineates the circumstances under which a juvenile disposition can be modified, and it does not allow for the modification of disposition orders in other circumstances, *i.e.*, in the absence of a violation.

█ In the context of an SSODA disposition that imposes no term of confinement upon a juvenile offender, we believe that a juvenile court's authority to modify the terms of the disposition can be implied from the general structure and purpose of the JJA, even in the absence of a provision relating directly to the modification of an SSODA disposition.

In support of his argument, Hayden relies on *State v. Cirkovich*, 42 Wn. App. 403, 711 P.2d 374 (1985), *review denied*, 106 Wn.2d 1005 (1986) and *State v. Shove*, 113 Wn.2d 83, 776 P.2d 132 (1989). In each case a postjudgment sentencing modification was reversed because there was no specific statutory authority for the modification. *Cirkovich* and *Shove* are plainly distinguishable. First, the defendants in both cases had obtained outright reductions of their terms of confinement, whereas the order here merely modified the conditions of Hayden's community supervision. *See State v. Dana*, 59 Wn. App. 667, 669, 800 P.2d 836 (1990) (distinguishing sentence reduction from a modification that did not alter the sen-

tence); *State v. Richard*, 58 Wn. App. 357, 360, 792 P.2d 1279 (1990) (approving, in dicta, trial court's entry of a modified disposition order setting curfew recommended by parole officer).

More importantly, the juvenile in this case received an SSODA disposition, not a determinate sentence under the Sentencing Reform Act of 1981 (SRA) or a standard range sentence under the "disposition standards" of the JJA. An SSODA disposition is a distinct alternative to the standard range disposition of the JJA. *See State v. Howell*, 119 Wn.2d 513, 833 P.2d 1385 (1992). Even in the adult system, sex offender sentencing constitutes an exception to the otherwise applicable determinate sentencing philosophy intended by the Legislature. *See* D. Boerner, *Sentencing in Washington* § 8.1 (1985) (the sex offender option, unlike the remainder of the SRA, retained many of the features of the former indeterminate system). The need for sentencing flexibility is important in fashioning supervised release for sex offenders, and it is particularly acute in the juvenile context, where it is well established that to achieve the rehabilitative purpose of the JJA, the Legislature "built [flexibility] into the system to allow the court, in appropriate cases, to fit the disposition to the offender". *State v. Rice*, 98 Wn.2d 384, 397, 655 P.2d 1145 (1982).

We conclude that the juvenile court was permitted to adjust the nonconfinement terms of Hayden's SSODA disposition to fit the terms of his particular community supervision plan. Accordingly, we affirm the decision of the juvenile court.

## II

Hayden makes several constitutional challenges to the trial court's ruling.

First, Hayden invokes due process. He baldly asserts that modification of a disposition without proof of a violation of a prior condition violates due process of law. But Hayden has not identified any particular procedural defect in the proceedings, nor does he expressly challenge the statutory scheme itself.

Plainly, fundamental procedural protections apply to juvenile disposition proceedings. *E.g.*, *State v. S.S.*, 67 Wn. App. 800, 807, 840 P.2d 891 (1992). In fact, the JJA expressly mandates several procedural protections "[i]n all adjudicatory proceedings", including the right to notice, discovery, an opportunity to be heard, confrontation of witnesses, and an unbiased factfinder. RCW 13.40.140(7). However, Hayden has not premised his appeal on a deprivation of any of these basic due process components.

To the extent Hayden is seeking to make a facial challenge to the JJA or is attempting to raise a substantive due process violation, the cited authority in his brief utterly fails to support such a challenge. Hayden has succeeded only in demonstrating that fundamental due process rights apply in the context of the revocation of probation or a suspended sentence.

■ Even assuming that the modification in this case rises to the level of a revocation hearing for constitutional purposes, Hayden is obliged to identify some particular constitutional defect in the proceedings or else demonstrate that the proceedings were blatantly unfair. He has done neither. *See State v. Trader*, 54 Wn. App. 479, 484, 774 P.2d 522 (appellant precluded from raising constitutionality of alleged error when he alluded the right to a fair trial "without pointing out in what respect th[is] right[] ha[d] been violated"), *review denied*, 113 Wn.2d 1027 (1989). Because Hayden has failed to identify any due process violation, we are unable to address this assignment of error.

Hayden next contends that RCW 13.40.060(3) violates equal protection by treating similarly situated individuals differently without any rational basis. Subsection .060(3) provides modification authority to counties that have received the transfer of a juvenile disposition for supervision and enforcement.

We need not address this argument, however, for the classification challenged by Hayden is nonexistent. There is noth-

ing in the record to suggest that the trial court interpreted subsection .060(3) as providing the power to modify transferred dispositions *only.* On appeal, the State has expressly disclaimed any reliance on subsection .060(3) as conferring special authority on transferee counties to modify dispositions. The State concedes that this subsection only grants the transferee county *the same* power to modify that the transferor county would have.

We accept the State's concession because it is consistent with the plain meaning of the statute and the general structure of the JJA. In addition, it avoids an interpretation that would raise equal protection difficulties. *See In re Chorney*, 64 Wn. App. 469, 477, 825 P.2d 330 (1992) (where a statute is susceptible to interpretation which may render it unconstitutional, courts adopt construction which will sustain the statute's constitutionality); *In re Williams*, 121 Wn.2d 655, 665, 853 P.2d 444 (1993) (statute construed to avoid equal protection issue). Accordingly, because we need not do so, we expressly decline to interpret RCW 13.40.060(3) as providing the juvenile courts with any additional or different authority to modify the dispositions of transferred offenders.[1]

Finding no statutory or constitutional defect, we affirm the modified disposition approved by the juvenile court.

FORREST and BAKER, JJ., concur.

---

[1]At oral argument, Hayden additionally argued that the total prohibition on contact with children and developmentally disabled persons was overbroad because it was unnecessary to achieve the probation officer's stated purpose of protecting the two children with whom Hayden resides. The State has moved to strike this argument because it was never raised in Hayden's brief. We grant the motion and refuse to consider the argument. *See State v. Moore*, 70 Wn. App. 667, 675 & n.9, 855 P.2d 306 (1993).