# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 75412-2-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | |
| CHASE M. BRELAND, | ) | UNPUBLISHED |
| | ) | |
| Appellant. | ) | FILED: July 24, 2017 |
| | ) | |

Cox, J. – Chase Breland appeals the revocation of the special sex offender sentencing alternative (SSODA) of his suspended sentence. The trial court revoked this SSODA because Breland violated its conditions. Because the trial court did not abuse its discretion in revoking this SSODA, we affirm.

The State charged Breland, then 17 years old, with two counts of first degree child molestation and one count of first degree child rape. Breland pleaded guilty as charged. The sentencing court granted his request for a SSODA over the State's objection. The court ordered 90 months of confinement with 24 months suspended so Breland could obtain sexual offender treatment.

The trial court also imposed over 18 conditions of release. The court warned him that he would go back into custody for any violation of the SSODA conditions.

Thereafter, Breland's probation counselor reported that he had violated the conditions. At the SSODA revocation hearing, Breland admitted to these

violations. His counselor and the State requested that the court revoke the SSODA. The trial court granted the request and imposed the suspended sentence.

Breland appeals.

## SSODA REVOCATION

Breland argues that the trial court abused its discretion by revoking the SSODA. We disagree.

When sentencing a juvenile offender, the trial court may suspend the juvenile's disposition and impose a SSODA.[1] A SSODA places the offender on community supervision and generally includes a number of conditions.[2] The court may revoke the suspension and execute the disposition if the offender violates any of the SSODA conditions.[3]

We review for abuse of discretion a trial court's revocation of a SSODA.[4]

Here, the trial imposed over 18 conditions of release. Some of the conditions prohibited Breland's use of non-prescribed drugs and required his regular attendance at school "with no unexcused absences, [tardiness], or behavior referrals." Breland also had to attend, and participate in, a treatment program and could not leave his home without his mother's express permission.

---

[1] RCW 13.40.160(3); RCW 13.40.162(1); State v. T.E.C., 122 Wn. App. 9, 25, 92 P.3d 263 (2004).

[2] State v. Hayden, 72 Wn. App. 27, 30, 863 P.2d 129 (1993).

[3] Id.

[4] T.E.C., 122 Wn. App. at 25.

Breland admitted to violating these SSODA conditions. Specifically, Breland tested positive for non-prescription drugs on two separate occasions and failed to attend a treatment appointment. He was also suspended from school, had several unexcused absences from class, and left home one evening without his mother's permission.

At the revocation hearing, Breland acknowledged his failure to satisfy the conditions, stating "I obviously haven't been following the stipulations . . . like I should . . . ."

Further, the record shows that Breland failed to satisfy the trial court's conditions of release, imposed prior to its grant of the SSODA. In the previous year, the trial court released Breland from custody, on his mother's recognizance, and approved a "24/7" supervision plan. The court imposed several release conditions, including Breland's regular attendance in school.

Breland violated these conditions, but the trial court did not then remand him to custody. The court warned Breland about the consequences of future violations. After Breland violated his release conditions again, the court remanded Breland into custody.

The trial court released Breland from custody a few weeks later and re-imposed the prior conditions. The court warned Breland, again, about the consequences of future violations.

Based on Breland's failure to satisfy the SSODA conditions, along with the conditions of release, the trial court did not abuse its discretion by revoking Breland's SSODA.

Breland argues that the trial court abused its discretion because the SSODA conditions "contemplate some missteps by the juvenile." He also argues that the trial court revoked the SSODA before he had "a full opportunity to engage in treatment." Thus, he argues that the trial court failed to meet the goals of the Juvenile Justice Act (JJA).

These arguments are unpersuasive. They avoid the obvious: that he violated the express conditions for his SSODA. Whether this meets the goals of the JJA is irrelevant.

In any event, one of the goals of the JJA is the legislature's intent "that youth . . . be held accountable for their offenses."[5] What the trial court did in this case holds him accountable for his offenses by revoking the SSODA following his failures to comply with the conditions for imposing that alternative.

We affirm the order revoking the SSODA.

_Cox, J._

WE CONCUR:

_Spearman, J._         _Dwyer, J._

---

[5] RCW 13.40.010(2).

4