IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 82080-0-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL SCHLUETZ, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |
| | ) | |

VERELLEN, J. — Michael Schluetz challenges his sentence, arguing that the trial court abused its discretion by concluding his convictions for two counts of attempted second degree rape of a child did not constitute the same criminal conduct. Because Schluetz attempted to engage in sexual acts with two distinct, fictitious 13-year-old girls, Schluetz fails to establish that the trial court abused its discretion by finding that the two fictitious girls were not the "same victim."

Therefore, we affirm.

FACTS

In March of 2018, Sergeant Carlos Rodriguez administered an undercover operation in Port Hadlock, Jefferson County. The purpose of the operation was to protect children by using social media to identify and arrest individuals who were interested in engaging in sexual acts with minors. Sergeant Rodriguez posted an ad

in the Casual Encounters section of Craigslist, a designated "personal section" for "no strings attached sex."[1]

The ad stated:

Petite princess here young and fun will not disappoint. W4M I host still looking for the right guys pretty versus guy (an s and m) pretty much bored af. I'm a small framed petite princess I have that Netflix just need some chill [winky face]. I like clean guys that can teach me new things. [H]mu if interested. Me and my gf have the house all to ourselves so come have some fun ddf gifts are welcome p and p. [If] this is still up then I still need a daddy.[2]

Michael Schluetz responded to the ad. Detective John Garden and Detective Kristl Pohl, who were messaging Schluetz as two distinct fictitious 13-year-old girls, Mandy and Anna, engaged in e-mail and text messaging with him. After exchanging a series of messages, Schluetz went to meet Mandy and Anna at a Port Hadlock home, where law enforcement arrested him.

Schluetz was convicted of two counts of attempted second degree rape of a child, one count for each fictitious victim.[3] At sentencing, the trial court rejected Schluetz's argument that his two convictions for attempted second degree rape should be counted as the same criminal conduct for purposes of calculating his offender score. Accordingly, the court sentenced Schluetz on an offender score of three for each attempted rape conviction and imposed concurrent terms of 89.25 months on each count.

Schluetz appeals.

---

[1] Report of Proceedings (RP) (Jan. 29, 2019) at 335.

[2] Id. at 336.

[3] Schluetz was also convicted of communicating with a minor for an immoral purpose.

ANALYSIS

Schluetz argues that the trial court abused its discretion by counting his convictions for second degree attempted rape of a child separately toward his offender score because his convictions constituted the same criminal conduct.

When reviewing a sentence under the Sentencing Reform Act of 1981, we "defer to the discretion of the [trial] court and will reverse a [trial] court's determination of 'same criminal conduct' only on a 'clear abuse of discretion or misapplication of law.'"[4]  "Under this standard, when the record supports only one conclusion on whether crimes constitute the 'same criminal conduct,' a [trial] court abuses its discretion in arriving at a contrary result.  But where the record adequately supports either conclusion, the matter lies in the court's discretion."[5]  The "same criminal conduct" provision, RCW 9.94A.589(a), provides:

> [W]henever a person is to be sentenced for two or more current offenses, the sentence range for each current offense shall be determined by using all other current and prior convictions as if they were prior convictions for the purpose of the offender score: PROVIDED, [t]hat if the court enters a finding that some or all of the current offenses encompass the same criminal conduct then those current offenses shall be counted as one crime. . . . "Same criminal conduct," as used in this subsection, means two or more crimes that require the same criminal intent, are committed at the same time and place, and involve the same victim.[6]

---

[4] State v. Haddock, 141 Wn.2d 103, 110, 3 P.3d 733 (2000) (citing State v. Elliott, 114 Wn.2d 6, 17, 785 P.2d 440 (1990)).

[5] State v. Graciano, 176 Wn.2d 531, 537-58, 295 P.3d 219 (2013) (citing State v. Rodriguez, 61 Wn. App. 812, 816, 812 P.2d 868 (1991)).

[6] (Emphasis added.)

"The [l]egislature intended the phrase 'same criminal conduct' to be construed narrowly."[7] The defendant bears the burden of establishing that all three prongs are met, and if he can do so, then his crimes "are treated as one crime" for purposes of calculating his offender score.[8] But "the absence of any one [prong] prevents a finding of same criminal conduct."[9] "Convictions of crimes involving multiple victims must be treated separately."[10]

It is undisputed that Schluetz intended to engage in sexual acts with two fictitious 13-year-old girls at the same time and place. Therefore, the only remaining inquiry is whether the two fictitious 13-year-old girls were the "same victim."

Here, Schluetz communicated with two different fictitious 13-year-old girls, Mandy and Anna. And Schluetz sought to engage in sexual acts with both Mandy and Anna. Schluetz e-mailed Mandy stating that together the girls would be his "fantasy" and that he wanted both girls as long as both were "naked and involved."[11]

---

[7] State v. Flake, 76 Wn. App. 174, 180, 883 P.2d 341 (1994); see State v. Stockmyer, 136 Wn. App. 212, 219, 148 P.3d 1077 (2006) (holding that because the defendant unlawfully possessed three firearms in three different rooms of the residence the "same place" requirement was not satisfied).

[8] State v. Vike, 125 Wn.2d 407, 410, 885 P.2d 824 (1994) (citing former RCW 9.94A.400(1)(a) (1990), recodified as RCW 9.94A.589(1)(a) (LAWS OF 2001, ch. 10, § 6)).

[9] Id.

[10] State v. Dunaway, 109 Wn.2d 207, 215, 743 P.2d 1237, 749 P.2d 160 (1987); see State v. Ehli, 115 Wn. App. 556, 560-61, 62 P.3d 929 (2003) (multiple counts of depiction of minors engaged in sexually explicit conduct where different items depict different children, each child is considered a separate victim).

[11] Clerk's Papers at 8-10.

The trial court relied upon Schluetz's specific actions toward each fictitious victim in finding that Mandy and Anna were not the "same victim." The court stated, the fact that they were fictitious did not "make any difference."[12] The court continued, "[T]he purported victims were two 13-year olds, and that's what [Schluetz] thought he was doing. He thought he was going . . . to meet up with two 13-year olds and engage in sexual acts."[13] Because Schluetz attempted to rape two distinct, fictitious 13-year-old girls, the trial court did not abuse its discretion by finding that the fictitious victims were not the "same victim."

Schluetz argues that because his victims were two officers posing as fictitious 13-year-old girls, the only victim was the "public at large." But Schluetz's argument is not compelling.

Our Supreme Court has held that for some specific crimes only the "public at large" is the victim. Specifically, the court has held that the crimes of unlawful possession of a firearm and possession of a controlled substance are both crimes that "victimize the general public."[14] But in differentiating these crimes, the court in State v. Haddock noted that "all crimes victimize the public in a general sense" but

---

[12] RP (Mar. 29, 2019) at 811.

[13] Id. at 812.

[14] State v. Haddock, 141 Wn.2d 103, 110-11, 3 P.3d 733 (2000) (holding that unlawful possession of a firearm is a "public at large crime"); State v. Maxfield, 125 Wn.2d 378, 399-402, 886 P.2d 123 (1994) (holding that unlawful possession of a controlled substance with intent to manufacture is a "public at large crime"); State v. Garza-Villarreal, 123 Wn.2d 42, 46-48, 864 P.2d 1378 (1993) (holding that unlawful possession of a controlled substance with intent to deliver is a "public at large crime.").

there are also crimes that directly inflict "specific injury on individuals."[15]  Attempted rape of a child is not a crime directed toward the "public at large."[16]  In State v. Canter, this court recently held that an attempt to molest two fictitious children, an 8-year-old girl and an 11-year-old girl, were not crimes against the public at large.[17]  "Because Carter intended to inflict specific injury on two different victims, his crimes do not encompass the same criminal conduct."[18]

Here, Schluetz intended to engage in sexual acts with two fictitious 13-year-old girls.  The mere fact that the girls were fictitious does not convert the crime of second degree attempted rape of a child to a "public at large" crime.  Because Schluetz intended to inflict injury on two specific fictitious 13-year-old girls, his two attempt crimes anticipated specific injury on two distinct victims, Mandy and Anna.  Schluetz's two crimes do not qualify as same criminal conduct.

---

[15] 141 Wn.2d 103, 111, 3 P.3d 733 (2000) (the court noted that if the defendant had been charged with assault rather than unlawful possession of a firearm and possession of stolen firearms "we would be inclined to agree" that the assault victims were the crime victims).

[16] In his opening brief, Schluetz challenges the lack of findings of fact and conclusions of law required by CrR 3.5.  But the State notes in its brief that findings of fact and conclusions of law were filed on April 17, 2020.  And in his reply brief, Schluetz does not dispute that findings of fact and conclusions of law were filed.  In the absence of any such argument or authority related to the belated findings, Schluetz does not establish any basis for relief on appeal of this issue.  State v. Moore, 70 Wn. App. 667, 671, 855 P.2d 306 (1993) (failure to file a supplemental brief after belated CrR 3.5 findings and conclusions are entered precludes a defendant from establishing prejudice).

[17] No. 80409-0-I, slip op. at 14-15 (Wash. Ct. App. June 1, 2021), http://www.courts.wa.gov/opinions/pdf/804090.pdf.

[18] Id. at 15.

Therefore, we affirm.

WE CONCUR: