[No. 19508-2-III.   Division Three.   October 30, 2001.]

THE STATE OF WASHINGTON, *Respondent*, v. ERIC DEAN BROWN, *Appellant*.

*Arthur J. Bieker*, for appellant.

*Andrew K. Miller, Prosecuting Attorney*, and *Donna P. Mannion, Deputy*, for respondent.

KURTZ, C.J. — Eric Dean Brown appeals from a superior court order entered in July 2000 that modified his 1992 amended judgment and sentence for first and second degree assault and reckless endangerment. The modified sentence prohibits contact with a witness who had testified in his trial, and with the witness's husband.[1] The duration of the no-contact order is for life. We reverse the modification order because it does not fall within any of the limited provisions of the Sentencing Reform Act of 1981 (SRA) that authorize a change in an offender's sentence.

Mr. Brown contends that the court lacked jurisdiction to enter the order, citing *State v. Shove*, 113 Wn.2d 83, 776 P.2d 132 (1989). There, the court observed that "[t]he SRA permits modification of sentences only in specific, carefully delineated circumstances." *Id.* at 86 (citing DAVID BOERNER, SENTENCING IN WASHINGTON § 4.1, at 4-1 n.6 (1985)). *Shove* cited two examples of such provisions. RCW 9.94A.150 provides that good time earned in confinement shall be deducted from the offender's sentence. And, RCW 9.94A.200 allows modification of a judgment to impose further punishment in circumstances in which an offender has violated a condition or requirement of a sentence.

---

[1] In his brief on appeal, Mr. Brown did not challenge the superior court's findings that "[n]ew evidence gathered while defendant was in custody, shows a potentially dangerous animosity towards [the witness] for testifying against him at trial." Clerk's Papers at 7. But at oral argument, his counsel stated that Mr. Brown's alleged statements concerning the witness "clearly" were nonthreatening.

The court in *Shove* held that the sentencing court lacked authority to modify Ms. Shove's sentence because the modification did not fall within either of the above-cited subsections of the statute. And, the court held that the existence of express provisions within the SRA for modifying a sentence precluded the implication of others. *Shove*, 113 Wn.2d at 87-88. The court characterized as "ill-considered" its dicta in *State v. Bernhard*, 108 Wn.2d 527, 535, 741 P.2d 1 (1987) that the power to sentence implies the power to alter a sentence. *Shove*, 113 Wn.2d at 88. The court concluded that "SRA sentences may be modified only if they meet the requirements of the SRA provisions relating directly to the *modification* of sentences." *Id.* at 89 (emphasis added); *cf. State v. Cirkovich*, 42 Wn. App. 403, 406, 711 P.2d 374 (1985) (juvenile court does not have the power to modify a sentence except as specifically set forth in chapter 13.40 RCW).

■ The State urges the court to reject Mr. Brown's argument. It asserts that the order is appropriate under two different subsections of RCW 9.94A.120. Specifically, RCW 9.94A.120(20)[2] provides as follows:

As a part of any sentence, the court may impose and enforce an order that relates directly to the circumstances of the crime for which the offender has been convicted, prohibiting the offender from having any contact with other specified individuals or a specific class of individuals for a period not to exceed the maximum allowable sentence for the crime . . . .

And, RCW 9.94A.120(11)(b) permits the Department of Corrections, when assessing an offender's risk, to modify the conditions of community custody based upon risk to community safety.[3]

We hold that RCW 9.94A.120(20) allows the court to impose a no-contact order "as part of [an offender's] sen-

[2] This subsection of RCW 9.94A.120 was in effect in 1990, on the date that Mr. Brown committed the crimes in question, but appeared as subsection (16), instead of subsection (20).

[3] No comparable language appears in the 1990 version of RCW 9.94A.120 that was in effect at the time Mr. Brown committed the crimes here.

tence" if it is related to the circumstances of the crime. It does not provide that the court has authority to *modify* the sentence to add other names to the no-contact order at a later date. Subsection (11)(b) of the same statute allows only the Department of Corrections, not the superior court, to impose new conditions applicable to an offender's *community placement*, if the facts warrant it. The attempted modification in this case imposed a permanent no-contact order. It was not a condition of Mr. Brown's community placement.

Finally, the cases relied upon by the State are not applicable here. Both *State v. Miniken*, 100 Wn. App. 925, 999 P.2d 1289, *review denied*, 142 Wn.2d 1009 (2000), and *State v. Beer*, 93 Wn. App. 539, 969 P.2d 506 (1999), concerned the jurisdiction of the sentencing court to enforce the terms of the sentence. They did not concern the authority of the court to *amend* the sentence.

Accordingly, the modification order is reversed as outside the superior court's authority as delineated by the Legislature in the SRA.[4] Nothing in this opinion shall be construed as prohibiting the State or the witness herself from pursuing a restraining order against Mr. Brown that is separate from the criminal judgment and sentence.

SWEENEY and KATO, JJ., concur.

---

[4] It is up to the Legislature, and not the province of this court, to amend the SRA if it wants to expand the superior court's authority to modify sentences.