186 P.3d 1182 (2008)
STATE of Washington, Respondent,
v.
James Earl HARKNESS, Appellant.
No. 59748-5-I.
Court of Appeals of Washington, Division 1.
July 7, 2008.
*1183 Hilary A. Thomas, Whatcom County Prosecutors Office, Bellingham, WA, for Appellant.
Jennifer M. Winkler, Nielson, Broman & Koch, PLLC, Seattle, WA, for Respondent.
John Scott Blonien, Criminal Justice Division, Ronda Denise Larson, Atty Generals Ofc/CJ Division, Olympia, WA, for Other Parties.
APPELWICK, J.
¶ 1 After pleading guilty to two charges related to controlled substances, James Harkness was sentenced on April 5, 2005. Almost two years later, Harkness requested that the court amend his sentence and grant him a Drug Offender Sentencing Alternative (DOSA). The trial court agreed, and entered a DOSA conditioned upon the Department of Corrections determining Harkness' eligibility for the new sentence. Because the trial court lacked authority to delegate the determination of DOSA eligibility to the Department of Corrections or to modify the final judgment and sentence, we vacate the first amended judgment and sentence and reinstate the original judgment and sentence.

Facts
¶ 2 On March 29, 2005, James Harkness pleaded guilty to two counts pertaining to the unlawful delivery and possession of cocaine. He was sentenced to 90 months, the midpoint of his standard range sentence. Harkness began serving his sentence, but filed a motion to withdraw his guilty plea on March 21, 2006. When he appeared in court on this motion, he explained that he did not want to withdraw his plea. Instead, he wanted to change his sentence to a DOSA, so he could receive drug treatment. "I guess what I'm asking is really I would like to have a sentenceif I could get a DOSSA [sic] at this point. . . . I'm trying to change my life and trying to do something with it instead of just *1184 getting out and being a criminal." Since the request for an amended sentence had not been made until the hearing, the court granted a continuance so the prosecutor could respond.
¶ 3 At the next hearing, the prosecutor told the court that he did not think the court had the authority to change the sentence without the State's consent. The prosecutor objected to changing the sentence to a DOSA and recommended that the court not grant Harkness' request. Despite the prosecutor's recommendation, the trial court granted the amendment to a DOSA, stating "I'm willing to take a chance on you, Mr. Harkness." Harkness' 90 month sentence was converted to a DOSA.
¶ 4 When the parties reconvened with the required paperwork, the prosecutor raised the issue that Harkness had not been evaluated for a DOSA. "[H]e hasn't been evaluated for a DOSSA [sic], I don't know to what extent the Department of Corrections is going to think that that is an impediment to the court imposing it." The court acknowledged that Harkness could not receive his DOSA based on the need for an evaluation. "Well, that is an issue that I hadn't considered. Mr. Harkness, I don't know if the court orders a DOSSA [sic] sentence that they're going to give it unless you're evaluated for a DOSSA [sic] and found to be amenable to such treatment." The court then entered a condition in the judgment and sentence to reflect the need for evaluation. "This amended judgment and sentence shall be effective only if the department of corrections is able to evaluate the defendant for a DOSSA Sentence and he is found to be amenable to drug treatment." The pre-printed judgment and sentence also included a section for the special drug offender sentencing alternative that says "[t]he court finds that the defendant is a drug offender who is eligible for the special sentencing alternative and the court has determined that the special drug offender sentencing alternative is appropriate." The court altered this section to read, "[t]he court h as not found that the defendant is a drug offender who is eligible. . . ." (Emphasis added). Before presenting the judgment and sentence to the court, the State urged the court to reconsider the amended sentence. The State appeals the amended sentence.

Discussion
I. Authority to Grant a Conditional DOSA
¶ 5 The trial court expressly stated that it had not found Harkness eligible for a DOSA. The State argues that the trial court erred by granting a DOSA without making a required determination of eligibility for the sentencing alternative and amenability to treatment. Both Harkness and the DOC, as amicus, contend that the court may grant a DOSA without prior evaluation for amenability to treatment.[1] According to Harkness, the plain language of RCW 9.94A.660(2) does not require an evaluation.[2] Indeed, the statute makes an order of evaluation voluntary, not mandatory. "If the sentencing court determines that the offender is eligible for this alternative, the court may order an examination of the offender." RCW 9.94A.660(2).
¶ 6 While this provision appears to render the evaluation discretionary, another section of the DOSA statute proves that the evaluation is mandatory. "After receipt of the examination report, if the court determines that a sentence under this section is appropriate, the court shall waive imposition of a sentence within the standard sentence range and impose a [DOSA]." RCW 9.94A.660(4). The court can only waive the standard sentence and grant a DOSA after *1185 receiving an examination report including information about the offender's issues and a proposed treatment plan. RCW 9.94A.660(2), (3). To regard the evaluation as optional because the court "may" order an examination fails to give effect to the language of RCW 9.94A.660(4). This interpretation is contrary to the longstanding rule of statutory construction that "[w]e read each provision of a statute in relation to the other provisions and construe a statute as a whole." Hubbard v. Dep't of Labor & Indus., 140 Wash.2d 35, 43, 992 P.2d 1002 (2000). In order to harmonize the various portions of the statute, the court may only impose a DOSA after considering the written evaluation and determining the offender's eligibility and amenability. Here, the trial court never examined whether Harkness was amenable to treatment. The court explicitly stated that it had not determined him eligible for a DOSA and left the evaluation to the DOC. The trial court failed to comply with the statutory requirements for imposing a DOSA.
II. Authority to Amend the Sentence
¶ 7 "A DOSA is a form of standard range sentence consisting of total confinement for one-half of the mid-standard range followed by community supervision." State v. White, 123 Wash.App. 106, 113, 97 P.3d 34 (2004). Generally, the length of a sentence is not subject to appeal if the punishment falls within the standard sentencing range established by the Sentencing Reform Act (SRA). State v. Williams, 149 Wash.2d 143, 146, 65 P.3d 1214 (2003). But, a party can challenge the underlying legal conclusions and determinations that led a court to apply a particular sentence. Id. at 147, 65 P.3d 1214. Here, the State contends the trial court, in amending the judgment and sentence, acted without proper statutory authority. Whether a trial court exceeded its statutory authority under the SRA is an issue of law which we review independently. State v. Murray, 118 Wash. App. 518, 521, 77 P.3d 1188 (2003).
¶ 8 After final judgment and sentencing, the court loses jurisdiction to the Department of Corrections. "Upon the entry of a final judgment and sentence of imprisonment, legal authority over the accused passes by operation of law to the [prison]." January v. Porter, 75 Wash.2d 768, 773, 453 P.2d 876 (1969). The State contends that a trial court has no inherent authority and only limited statutory authority to modify a sentence post-judgment. Case authority supports this contention. In State v. Shove, 113 Wash.2d 83, 89, 776 P.2d 132 (1989), our Supreme Court determined that SRA sentences may be modified only if they meet the statutory requirements relating directly to the modification of sentences. The SRA only allows modification in certain specific and carefully delineated circumstances. Shove, 113 Wash.2d at 86, 776 P.2d 132. Among the expressly permitted modifications, the SRA defines the circumstances in which a person sentenced and committed to the custody of the DOC may be released prior to the expiration of the sentence. These reasons for early release include earned release time as determined by the DOC, authorized furlough or leave of absence, serious medical issues, clemency or pardon, partial confinement for reestablishment in the community, or reduction in sentence due to prison overpopulation. RCW 9.94A.728. The SRA does not provide for earlier release based on a change in the type of sentence imposed. "[T]he existence of express provisions within the SRA for modifying a sentence precluded the implication of others." State v. Brown, 108 Wash. App. 960, 962, 33 P.3d 433 (2001).
¶ 9 Harkness claims that Shove does not control because it discusses modification to an exceptional sentence allowing early release from DOC custody, in violation of former RCW 9.94A.150 (now recodified as RCW 9.94A.728). According to Harkness, the statute and analysis are inapplicable because here the court did not permit early release or amend to an exceptional sentence, but merely modified the sentence to another sentence within the standard range. Harkness fails to acknowledge that a DOSA inherently includes an earlier release from incarceration than his original sentence, because it allows him to serve one half of his standard sentence in prison and then be released into community custody for the remainder of his sentence. RCW 9.94A.728; State v. Grayson, 154 Wash.2d 333, 337-38, 111 P.3d 1183 *1186 (2005). By converting a standard sentence to a DOSA, the court reduced Harkness' required prison time. We hold that under these circumstances, Shove controls.
¶ 10 Furthermore, whether a DOSA is an early release is not the controlling issue. Other, cases have applied Shove outside of the early release scenario. For example, in State v. Murray, 118 Wash.App. 518, 524, 77 P.3d 1188 (2003), the Court of Appeals held that a trial court acted outside its authority when it converted the remaining months of a defendant's work release to home detention. The court merely changed the form of confinement; that is how Harkness would construe the facts here. In State v. Brown, 108 Wash.App. 960, 962-63, 33 P.3d 433 (2001), the court held that the SRA does not allow for the addition of names to a no-contact order after final judgment and sentence. While RCW 9.94A.120(20) (now RCW 9.94A.505(8)) allows a court to impose a no contact order as part of a sentence, the statute does not permit modification of the no contact order at a later date. Brown 108 Wash.App. at 962-63, 33 P.3d 433. By analogy, RCW 9.94A.660 allows the court to give a DOSA at initial sentencing, but does not provide for modification to a DOSA. Shove "leaves no room for inherent authority to be exercised by the sentencing court." State v. Murray, 118 Wash.App. at 524, 77 P.3d 1188.
¶ 11 By modifying Harkness' sentence, the trial court committed two errors. First, the court erred by granting a conditional DOSA without finding Harkness eligible and amenable for the alternative sentence as required by the statute. Furthermore, the court lacked inherent and statutory authority to amend a final judgment and sentence.
¶ 12 We vacate the DOSA granted through the first amended judgment and sentence, and reinstate the original judgment and sentence.
WE CONCUR: DWYER, A.C.J. and LEACH, J.
NOTES
[1] But DOC also states that the trial court did not follow the SRA since the court imposed a DOSA but then lifted it pending the condition subsequent of a DOC evaluation showing amenability to treatment. According to DOC, a DOSA does not allow a suspended sentence.
[2] The State alleges that the trial court sentenced Harkness under the wrong version of RCW 9.94A.660 because it used the pre-July 2007 version of the DOSA statute rather than the June 2004 version in effect when Harkness committed the crimes. The pre-July 2007 and June 2004 versions contain different language and requirements. The June 2004 version does not include the examination report requirement. While the State mentions this issue in a footnote, the State does not assign error to the court's use of the improper statute.