# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 51702-7-II |
| Respondent, | |
| v. | |
| CHAD MANU ALEXANDER KAAIHUE, | UNPUBLISHED OPINION |
| Appellant. | |

MELNICK, J. — Chad Kaaihue appeals from an order modifying his sentence for two counts of assault in the third degree. He contends that the trial court's order specifying the individuals protected by three independent no-contact orders and their durations was outside the trial court's authority and not a clerical correction. Kaaihue also contends that the legislature's 2018 legal financial obligation (LFO) amendments should apply to his case. Kaaihue also filed a statement of additional grounds (SAG) relating to his original sentence. We affirm.

## FACTS

In February 2015, Kaaihue threatened three people with a deadly weapon. The State charged him with three counts of assault in the second degree and two counts of unlawful possession of a firearm in the first degree. The State informed Kaaihue that, if convicted, he faced a sentence of total confinement for life without the possibility of release as a persistent offender.[1] Kaaihue plead guilty two counts of assault in the third degree, with the same three named victims in each count.

---

[1] RCW 9.94A.570.

In his guilty plea, Kaaihue acknowledged that the State would recommend an exceptional sentence of 60 months on each count to be served consecutively and that he have no contact with any of the three victims. The parties stipulated to this exceptional sentence and the court imposed it. The court did not impose any community custody.

At the sentencing hearing, the court entered three no-contact orders, providing a five-year term of protection for each of the three victims. Kaaihue signed each no-contact order. The court also signed Kaaihue's judgment and sentence, which included a provision that stated, "No contact w/ victims in [the no-contact orders (NCOs)]." Clerk's Papers (CP) at 30 (section 4.4).

In March 2018, Kaaihue filed a motion to correct his judgment and sentence. Kaaihue argued the no-contact provision, as it appeared on his judgment and sentence, was unconstitutionally vague. He requested the court either strike the no-contact provision from his judgment and sentence or specify in the judgment and sentence the individuals to whom it applied and the length of the no-contact order. The trial court ordered the State to respond and show cause why Kaaihue's motion should not be granted.

After a hearing, the State and Kaaihue agreed to an order modifying Kaaihue's judgment and sentence. The trial court noted that the judgment and sentence "reflect[ed] no information about the no contact orders entered [] by the Court" and ordered that Kaaihue have no contact with any of the three victims for a period of five years.[2] CP at 70. It ordered that "all other terms and conditions," including the three original NCOs, remain in full force and effect. CP at 71. Kaaihue appeals from the order correcting his judgment and sentence.

---

[2] The court also stated that the original judgment and sentence checked a box for domestic violence, antiharassment, or sexual assault protection orders, which it stated should not have been checked. It unchecked the box. Kaaihue mentions this change in his brief but does not argue it.

ANALYSIS

I.    MODIFY JUDGMENT AND SENTENCE

Kaaihue contends that the trial court, by amending his judgment and sentence, effectively added no-contact provisions to his judgment and sentence.  He argues "the addition constituted an impermissible sentencing modification."  Br. of Appellant at 4.  He claims there was "no evidence" that the sentencing court intended to include no-contact orders as part of his original sentence, such that the change did not correct a clerical error.  Br. of Appellant at 8.  Kaaihue argues the trial court lacked authority to modify his unconstitutionally vague sentence and should have stricken the no-contact provision.  We disagree.

A.    CLERICAL SENTENCE AMENDMENT

"A court has jurisdiction to amend a judgment to correct an erroneous sentence, where justice requires, under CrR 7.8."  *State v. Hardesty*, 129 Wn.2d 303, 315, 915 P.2d 1080 (1996).  CrR 7.8(a) permits the trial court to correct "[c]lerical mistakes in judgments . . . at any time of its own initiative or on the motion of any party."

"To determine whether an error is clerical or judicial, we look to 'whether the judgment, as amended, embodies the trial court's intention, as expressed in the record at trial.'"  *State v. Snapp*, 119 Wn. App. 614, 627, 82 P.3d 252 (2004) (quoting *Presidential Estates Apt. Assoc. v. Barrett*, 129 Wn.2d 320, 326, 917 P.2d 100 (1996)).  If the error is clerical, "the amended judgment should either correct the language to reflect the court's intention or add the language the court inadvertently omitted," whereas if it is not clerical, "the error is judicial and the court cannot amend the judgment and sentence."  *Snapp*, 119 Wn. App. at 627.

The original judgment and sentence in this case stated, "No contact w/ victims in NCOs."  CP at 30.  The judgment and sentence did not further identify the specific orders to which it

referred. However, at the sentencing hearing, the court entered three no-contact orders, one for each victim of the assaults. Each no-contact order specified the victim's name and prohibited Kaaihue from having contact with that person for five years. Kaaihue signed each order.

The court also listed the conditions of Kaaihue's sentence on the record at his sentencing hearing and listed LFOs, restitution, and "no contact with the victims." Report of Proceedings (RP) (July 14, 2015) at 6. Kaaihue's attorney stated, "I have reviewed the no contact orders with Mr. Kaaihue, and he has signed those in my presence—in fact, he signed them here in open court." RP (July 14, 2015) at 6.

In response to Kaaihue's motion to correct his judgment and sentence, the trial court ordered that the judgment and sentence be "corrected" to indicate Kaaihue have no contact with the three specific victims for five years. CP at 39. The court ordered that all other terms and conditions of Kaaihue's sentence remain in full force and effect.

The trial court's corrections of Kaaihue's judgment and sentence simply specified the individuals and length of the no-contact orders referred to in the original judgment and sentence. It is clear from the sentencing record and the no-contact orders Kaaihue signed that the NCOs referenced in the original judgment and sentence intended to reference the five-year no-contact orders for each of the three victims. Because the changes to Kaaihue's sentence corrected the language of the judgment and sentence to reflect the court's original intention, the changes were clerical. Additionally, the three NCO's had independent validity[3] and Kaaihue did not challenge them. We conclude that the trial court did not err by amending Kaaihue's sentence.

Kaaihue relies on *State v. Brown*, 108 Wn. App. 960, 33 P.3d 433 (2001), to argue that trial courts may not modify sentences to add no-contact orders with additional names. In *Brown*, the

---

[3] Chapter 9A.46 RCW.

trial court modified the defendant's sentence without authority because the modification had not fallen within any Sentencing Reform Act of 1981 (SRA) provision allowing for modification. 108 Wn. App. at 962. Unlike in *Brown*, the trial court here corrected a clerical error, as permitted by CrR 7.8(a).

II.    LEGAL FINANCIAL OBLIGATIONS

Kaaihue contends that the 2018 legislative amendments to LFOs for indigent defendants invalidate the mandatory LFOs imposed as a part of his sentence in 2015. He claims that the amendments apply to his case because it was "pending on appeal and/or initiated after the effective date" of the amendments. Br. of Appellant at 13. Because Kaaihue's case was final before the legislature passed the amendments, we conclude they do not apply to his case.

Since entry of Kaaihue's judgment and sentence, the legislature amended the statutory LFO scheme. These amendments eliminated interest accrual on non-restitution LFOs, made the DNA (deoxyribonucleic acid) database fee non-mandatory for offenders whose DNA had already been collected due to a prior conviction, and prohibited assessment of the $200 filing fee as well as all discretionary LFOs on indigent defendants. *State v. Ramirez*, 191 Wn.2d 732, 747, 426 P.3d 714 (2018); RCW 10.01.160, 10.82.090(1), 36.18.020(2)(h), 43.43.7541. The amendments applied to cases on appeal when they took effect on June 7, 2018, because those cases were not yet final. *Ramirez*, 191 Wn.2d at 747.

Kaaihue did not file a direct appeal and his case was final before the legislative enactments on LFOs took effect. Unlike the defendant in *Ramirez*, his case was not "pending on direct review" at the time of the amendments. Kaaihue's case became final when it was filed with the trial court clerk on July 14, 2015. Kaaihue has not provided any authority suggesting that his filing a motion

to correct his judgment and sentence affects the finality of the 2015 judgment, and we have found none. Accordingly, Kaaihue's arguments on this issue fail.

## STATEMENT OF ADDITIONAL GROUNDS

I.    FINALITY OF JUDGMENT AND SENTENCE

Kaaihue contends that the June 1, 2018 order modifying his judgment and sentence "effectively destroyed the finality of [his] judgment and sentence" such that he can challenge other issues in his case, sidestepping the time bar for collateral attack. SAG at 1. He acknowledges that "purely ministerial" changes do not affect the finality of the previously entered judgment and sentence, but claims the changes to his sentence were more than purely ministerial. SAG at 2. We disagree with Kaaihue.

"No petition or motion for collateral attack on a judgment and sentence in a criminal case may be filed more than one year after the judgment becomes final if the judgment and sentence is valid on its face and was rendered by a court of competent jurisdiction." RCW 10.73.090(1). However, "after [a] defendant's 'sentence [is] reversed, . . . the finality of the judgment is destroyed' and defendant's 'prior sentence cease[s] to be a final judgment on the merits.'" *In re Pers. Restraint of Skylstad*, 160 Wn.2d 944, 950, 162 P.3d 413 (2007) (quoting *State v. Harrison*, 148 Wn.2d 550, 561-62, 61 P.3d 1104 (2003)).

The trial court in this case granted Kaaihue's CrR 7.8 motion and corrected his sentence to specifically name the parties protected by the three no-contact orders and specify the length of those orders. This order did not "reverse" Kaaihue's sentence, and he has not shown how it gives rise to any exception to the one year time bar for collateral attack to other provisions of his sentence. We conclude that attacks to provisions of Kaaihue's original sentence from June 2015 are barred as untimely.

Because we agree that the trial court's order did not reopen all provisions of Kaaihue's original judgment and sentence to collateral attack, we do not reach the other claims in the statement of additional grounds.

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

                                         Melnick, J.

We concur:

Maxa, C.J.

Glasgow, J.