# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 54122-0-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| MARK VIRGIL PERRY, JR. II, | |
| Appellant. | |

MAXA, J. – Mark Perry, Jr. appeals an order denying his CrR 7.8(b) motion to withdraw his guilty plea to two counts of attempted theft of a motor vehicle, second degree unlawful possession of a firearm, and obstructing a law enforcement officer.

Perry pled guilty to these offenses in 2015 in exchange for the State's recommendation of a drug offender sentencing alternative (DOSA), and the trial court imposed a DOSA. In 2019, after he had served his DOSA sentence, Perry filed a motion under CrR 7.8(b) to withdraw his guilty plea, arguing that he actually was not eligible for a DOSA because he had a prior Oregon conviction for second degree robbery. The trial court denied his request to withdraw his plea, but agreed that Perry's judgment and sentence was facially invalid because he was not eligible for a DOSA. The court then resentenced Perry to a standard range sentence.

Perry argues that (1) the trial court erred in denying his motion to withdraw his guilty plea because his plea was not knowing, voluntary and intelligent; and (2) he received ineffective assistance of counsel in 2015 when defense counsel failed to advise him that he was ineligible

for a DOSA. However, we conclude that Perry's motion to withdraw his guilty plea was time barred because it was not filed within a "reasonable time" as required under CrR 7.8(b). We also agree with the State that the trial court had no authority to resentence Perry. Accordingly, we affirm the trial court's denial of Perry's motion to withdraw his guilty plea, but remand for the trial court to vacate the 2019 judgment and sentence and reinstate the original judgment and sentence.

FACTS

In April 2015, pursuant to a plea agreement, Perry pled guilty to several charges. As part of the plea agreement, the State agreed to recommend that Perry receive a DOSA. Perry's criminal history included a 2009 second degree robbery conviction in Oregon. The trial court agreed with the State's sentence recommendation and imposed a DOSA with 25 months of total confinement and 25 months of community custody.

In November 2019, after he had completed his sentence, Perry filed a motion for relief from judgment under CrR 7.8(b)(5) to withdraw his guilty plea. Perry argued that his DOSA was unlawful because of his prior Oregon robbery conviction.[1]

The trial court found that Perry's judgment and sentence was facially invalid because he was ineligible for a DOSA based on the prior Oregon second degree robbery conviction, which occurred within 10 years of the current offense. The court also concluded, without doing a comparability analysis, that the Oregon offense was equivalent to a second degree robbery in Washington. Ultimately, the court ruled under CrR 7.8(c)(2) that Perry's collateral attack was

---

[1] Under former RCW 9.94A.660(1)(c) (2009), a person is not eligible for a DOSA if they have been convicted of a felony that is a violent offense within 10 years of the current offense. In Washington, second degree robbery is a violent offense. Former RCW 9.94A.030(54)(a)(xi) (2012).

2

timely and appropriate for the court to decide rather than transfer to this court as a personal restraint petition (PRP).

After a show cause hearing, the trial court denied Perry's request to withdraw his guilty plea. The court applied the PRP standard for nonconstitutional error and concluded that Perry had failed to show a complete miscarriage of justice.

The trial court then decided that it would resentence Perry on the four counts, even though neither Perry nor the State requested resentencing. The court resentenced Perry to a standard range sentence of 43 months of total confinement.

Perry appeals the trial court's denial of his motion to withdraw his guilty plea.

ANALYSIS

A.     CrR 7.8(b) LEGAL PRINCIPLES

A motion to withdraw a guilty plea made after judgment is a collateral attack governed by CrR 7.8(b). *State v. Buckman*, 190 Wn.2d 51, 60, 409 P.3d 193 (2018). CrR 7.8(b) provides five grounds for relieving a party from a final judgment. On appeal, Perry relies on two grounds: "[t]he judgment is void," CrR 7.8(b)(4); and "[a]ny other reason justifying relief from the operation of the judgment," CrR 7.8(b)(5).

Under CrR 7.8(c)(2), the trial court is required to transfer a CrR 7.8(b) motion to the Court of Appeals for consideration as a PRP unless "the court determines that the motion is not barred by RCW 10.73.090 and either (i) the defendant has made a substantial showing that he or she is entitled to relief or (ii) resolution of the motion will require a factual hearing." RCW 10.73.090(1) states, "No petition or motion for collateral attack on a judgment and sentence in a criminal case may be filed more than one year after the judgment becomes final if the judgment and sentence is valid on its face and was rendered by a court of competent jurisdiction."

However, a CrR 7.8(b) motion must be filed "within a reasonable time." This requirement is independent of any time limits set forth in chapter 10.73 RCW. CrR 7.8(b).

We review a trial court's decision on a CrR 7.8(b) motion for abuse of discretion. *State v. Crawford,* 164 Wn. App. 617, 621, 267 P.3d 365 (2011).

B.      MOTION TIME BARRED UNDER CRR 7.8(b)

Perry argues that the trial court erred in denying his motion to withdraw his guilty plea and that he received ineffective assistance of counsel during his 2015 sentencing. We do not address the merits of Perry's claims because we conclude that Perry's CrR 7.8(b) motion was not filed within a reasonable time and therefore was untimely.

As noted above, CrR 7.8(b) specifically states that a motion must be filed "within a reasonable time." Here, Perry filed his CrR 7.8(b) motion based on the alleged invalidity of his DOSA sentence (1) over four years after his guilty plea and (2) *after he had completed his sentence*. The court rules do not define what a "reasonable time" means under CrR 7.8(b), and no Washington court has provided a definition. But we conclude under the facts of this case that Perry's motion was not filed within a reasonable time.

The trial court did not base its denial of Perry's motion on the reasonable time requirement of CrR 7.8(b), but we can affirm under any grounds supported by the record. *State v. Costich*, 152 Wn.2d 463, 477, 98 P.3d 795 (2004). We hold that the trial court did not err in denying Perry's motion to withdraw his guilty plea because the motion was untimely.

C.      UNAUTHORIZED RESENTENCING

The State argues that the trial court had no authority to resentence Perry after finding his 2015 judgment and sentence facially invalid because no party requested resentencing. We agree.

After final judgment and sentencing, authority over a defendant's sentence transfers from the trial court to the Department of Corrections. *State v. Harkness*, 145 Wn. App. 678, 685, 186 P.3d 1182 (2008). Only in "certain specific and carefully delineated circumstances" may the trial court amend a final judgment and sentence. *Id.* At a minimum, a party would need to motion for resentencing and set forth the basis. Here, neither party requested resentencing. Accordingly, we hold that the trial court erred in imposing a new sentence on Perry.

CONCLUSION

We affirm the trial court's denial of Perry's motion to withdraw his guilty plea and remand for the trial court to vacate the 2019 judgment and sentence and reinstate the original judgment and sentence.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
MAXA, J.


We concur:

_____
LEE, C.J.

_____
VELJACIC, J.

5