# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 57316-4-II |
| Respondent, | |
| v. | |
| CHRISTOPHER C. NEAMAN, | UNPUBLISHED OPINION |
| Appellant. | |

LEE, P.J. — Christopher C. Neaman appeals the extension and subsequent revocation of his parenting sentencing alternative (PSA)[1] sentence. He argues that the trial court lacked authority to extend and later revoke his 12-month community custody term to impose 60 months of total confinement and 12 months of community custody because his community custody term had already expired before the State filed its petition to revoke Neaman's PSA sentence. The State concedes that the trial court lacked authority to extend and revoke Neaman's PSA sentence.

Because the relevant statute only gives courts the authority to modify and revoke a PSA sentence during the community custody term, we reverse the trial court's order revoking Neaman's PSA sentence and imposing 60 months of total confinement and 12 months of community custody. We remand for the trial court to determine any outstanding obligations or whether a certificate of discharge is proper.

---

[1] Family Offender Sentencing Alternative (FOSA) is another term used in the record synonymously with PSA. This opinion will use the term PSA as it is referred to in RCW 9.94A.655.

FACTS

On December 11, 2020, Christopher Neaman pleaded guilty to possession of methamphetamine with intent to deliver, a crime he committed on May 31, 2018. Neaman had an offender score of nine plus, which corresponded with a standard sentence range of 60 to 120 months, followed by a 12-month community custody term. The trial court found that Neaman qualified for a PSA sentence under RCW 9.94A.655, waived the total confinement term, and imposed a 12-month community custody term.

As part of the PSA sentence, the trial court imposed several community custody conditions. One of the imposed conditions prohibited Neaman from possessing or consuming any non-prescription controlled substances. To determine whether Neaman was following this condition, the Department of Corrections (DOC) monitored Neaman by requiring him to submit to random urinalysis tests.

In the fall of 2021, DOC found that Neaman had violated the controlled substance prohibition condition two times. DOC notified the trial court of the violations and recommended that Neaman continue with his PSA sentence on the condition that he participate in a treatment group.

On December 7, 2021, Neaman admitted to a community corrections officer that he had used methamphetamine on December 5. Upon hearing Neaman's admission, DOC created a notice of violation, which was filed as an attachment to the State's December 14, 2021 petition to revoke Neaman's PSA sentence. DOC's notice of violation requested a judicial review of Neaman's case. The notice of violation included the start and termination dates of Neaman's PSA community custody term: December 11, 2020 to December 11, 2021.

As noted above, the State filed a petition on December 14, 2021, to revoke Neaman's PSA sentence and order him to serve a sentence within the original sentencing range corresponding with his convictions. The trial court summoned Neaman to appear in court on January 7, 2022 to review his PSA sentence. The review hearing was delayed until January 21, when the trial court ordered that Neaman's community custody PSA sentence be extended for six months.

During Neaman's extended PSA sentence, DOC continued to monitor him and require him to submit to drug tests. At the end of February 2022, DOC notified the trial court that Neaman had again violated the controlled substance condition and recommended that the court revoke Neaman's PSA sentence, in part because he was "a high risk to . . . his 9-year-old son." Clerk's Papers at 46. Based on this notice of violation, the State filed another motion to revoke Neaman's PSA sentence on March 9, 2022. After receiving further notices of additional controlled substance violations, the State filed two more motions on March 18 and April 13 to support the March 9 motion.

At a review hearing on April 15, 2022, the trial court revoked Neaman's PSA sentence and remanded him to the custody of the county jail until his sentencing, which was originally scheduled for May 6. While in custody, Neaman composed a handwritten appeal addressed to the trial court, challenging the April 15, 2022 order based on ineffective assistance of counsel. Before the trial court received Neaman's handwritten appeal, Neaman's counsel asked to withdraw from representation at the sentencing hearing on May 6, to which the trial court agreed and appointed new counsel. The trial court then granted Neaman a continuance of the sentencing hearing to May 27 to allow Neaman's new counsel time to prepare for the hearing.

No. 57316-4-II

After continuing Neaman's sentencing hearing several times, the hearing finally took place on August 19, 2022. The parties and the trial court went through Neaman's criminal history to determine which offenses counted in his offender score. Ultimately, the parties agreed to an offender score of seven. Based on this score, the trial court sentenced Neaman to 60 months of total confinement and 12 months of community custody.

Neaman appeals the trial court's extension then revocation of his PSA sentence and imposition of 60 months of total confinement and 12 months of community custody.

ANALYSIS

Neaman argues that the trial court lacked authority to extend and later revoke his PSA sentence to then impose 60 months of total confinement and 12 months of community custody because his PSA community custody term had already expired prior to the trial court modifying his PSA sentence. We agree.[2]

A.    LEGAL PRINCIPLES

The Sentencing Reform Act of 1981 (SRA), chapter 9.94A RCW, grants trial courts the authority to impose sentences on individuals who are convicted of felonies. RCW 9.94A.505. Trial courts do not have inherent authority when sentencing convicted individuals and, consequently, must comply with the various conditions prescribed by the SRA. *State v. Button*,

---

[2] Neaman also argues that his counsel was ineffective for failing to realize that his community custody term had already expired at the time the trial court modified Neaman's PSA sentence. In the alternative, Neaman argues that he received ineffective assistance of counsel because his counsel agreed to a miscalculated offender score and that he is entitled to resentencing. Because we hold that the trial court exceeded its authority by modifying Neaman's PSA sentence after the expiration of his PSA community custody term, we do not address Neaman's ineffective assistance of counsel claims. *See State v. Ingram*, 9 Wn. App. 2d 482, 490, 447 P.3d 192 (2019), *review denied*, 194 Wn.2d 1024 (2020).

4

184 Wn. App. 442, 446, 339 P.3d 182 (2014); *State v. Harkness*, 145 Wn. App. 678, 685, 186 P.3d 1182 (2008). A trial court exceeds its authority when it modifies an individual's sentence without meeting the statutory requirements. *Harkness*, 145 Wn. App. at 685. A reviewing court considers whether a trial court exceeded its statutory authority de novo. *Button*, 184 Wn. App. at 446.

Under the PSA statute, when an offender is a parent with physical custody of a minor child and meets other criteria, the trial court can waive the sentence of total confinement corresponding to the individual's current offense and instead sentence the individual to a 12-month community custody term to allow the child to stay with the parent. RCW 9.94A.655(1) and (5). The PSA statute authorizes the trial court to monitor that individual and bring him or her back into court to review the individual's progress. RCW 9.94A.655(8).

The PSA statute further states that "[a]t any time during the period of community custody," the court may "modify the conditions of community custody or impose sanctions . . . including extending the length of participation." RCW 9.94A.655(8)(a) and (c). The court may also revoke the PSA sentence "if the offender violates the conditions or requirements of the sentence or if the offender is failing to make satisfactory progress in treatment." RCW 9.94A.655(8)(d). When a court revokes a PSA sentence, it may then "order the offender to serve a term of total confinement" based on the original sentencing range for the current offense. RCW 9.94A.655(8)(d).

B.    THE TRIAL COURT'S AUTHORITY TO EXTEND AND REVOKE NEAMAN'S PSA SENTENCE

Neaman argues that the trial court lacked authority to extend his PSA community custody term, revoke his PSA sentence, and impose 60 months of total confinement and 12 months of community custody. The State concedes that the trial court lacked authority to take these actions. We accept the State's concession.

Neaman's community custody term expired on December 11, 2021. Therefore, the trial court lacked authority under RCW 9.94A.655(8)(a) and (c) to extend Neaman's PSA sentence on January 21, 2022. Although DOC became aware of Neaman's violation on December 7, 2021, the notice of violation was not filed with the trial court until December 14, after Neaman's PSA community custody term had already expired. More importantly, the trial court did not "extend[] the length of [Neaman's] participation" in the PSA "during the period of [Neaman's] community custody." RCW 9.94A.655(8)(a), (c). Instead, the trial court's extension of Neaman's PSA community custody term and later revocation of Neaman's PSA sentence occurred *after* Neaman's PSA community custody term had already expired.

A trial court only has authority to modify a PSA sentence as prescribed by RCW 9.94A.655. *Harkness*, 145 Wn. App. at 685. This statute specifically states that a trial court can bring an individual with a PSA sentence back into court "at any time *during* the period of community custody." RCW 9.94A.655(8)(a) (emphasis added). Here, the trial court did not do so, and therefore, the trial court erred when it extended Neaman's PSA community custody term.

Similarly, the trial court lacked authority to revoke Neaman's extended PSA. Again, the trial court may only modify a PSA sentence *during* the community custody term. RCW 9.94A.655(8)(a). Here, the trial court revoked Neaman's PSA on April 15, 2022 based on his repeated violations after December 11, 2021, when Neaman's PSA community custody term had already terminated. The trial court only had the authority to revoke Neaman's PSA and order him to serve a term of total confinement *during* his PSA community custody term. Therefore, the trial court also lacked authority when it revoked Neaman's sentence and ordered him to serve 60 months of total confinement and 12 months of community custody.

Because the trial court did not have authority to extend Neaman's PSA community custody term or to later revoke Neaman's PSA sentence and impose 60 months of total confinement and 12 months of community custody, we reverse Neaman's sentence. We also remand for further proceedings under RCW 9.94A.637[3] to determine any outstanding obligations or whether a certificate of discharge is proper.

---

[3] RCW 9.94A.637 states:

(1) When an offender has completed all requirements of the sentence, including any and all legal financial obligations, and while under the custody or supervision of the department, the secretary or the secretary's designee shall notify the sentencing court, which shall discharge the offender and provide the offender with a certificate of discharge by issuing the certificate to the offender in person or by mailing the certificate to the offender's last known address. A certificate of discharge issued under this subsection (1) is effective on the date the offender completed all conditions of his or her sentence.

(2)(a) When an offender has reached the end of his or her supervision with the department and has completed all the requirements of the sentence except his or her legal financial obligations, the secretary's designee shall provide the county clerk with a notice that the offender has completed all nonfinancial requirements of the sentence. The notice must list the specific sentence requirements that have been completed, so that it is clear to the sentencing court that the offender is entitled to discharge upon completion of the legal financial obligations of the sentence.

(b) When the department has provided the county clerk with notice under (a) of this subsection showing that an offender has completed all the requirements of the sentence and the offender subsequently satisfies all legal financial obligations under the sentence, the county clerk shall promptly notify the sentencing court. Upon receipt of the notice under this subsection (2)(b), the court shall discharge the offender and provide the offender with a certificate of discharge. A certificate of discharge issued under this subsection (2) is effective on the date the offender completed all conditions of his or her sentence.

No. 57316-4-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Lee, P.J.

We concur:

Price, J.

Che, J.

8