IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

STATE OF WASHINGTON,

          Respondent,

   v.

RICHARD W. WILKE,

          Appellant.

No. 85753-3-I

DIVISION ONE

UNPUBLISHED OPINION

PER CURIAM —Richard Wilke filed an appeal challenging conditions of community custody imposed in his judgment and sentence requiring that he (1) pay supervision fees, (2) complete a sexual deviancy evaluation and follow treatment recommendations, and (3) obtain permission to apply for employment or a volunteer position which may place him in contact with or in control of minors.

As of June 2022, RCW 9.94A.703(2) no longer authorizes the court to impose community custody supervision fees. LAWS OF 2022, ch. 29, § 7; *see also* LAWS OF 2022, ch. 29, § 8 (effective July 1, 2022).  The court sentenced Wilke in August 2023, more than a year after the legislature amended the statute.  As a result, the court had no authority to impose supervision fees.  The State appropriately concedes that this condition should be stricken.

In addition, the sentencing court imposed crime-related conditions of community custody requiring that Wilke obtain permission before applying for certain types of employment (No. 5) and obtain a sexual deviancy evaluation and follow treatment

recommendations (No. 6) based on a misapprehension that the law allowed the court to modify those conditions in the future if they proved to be too "onerous." But a trial court does not generally have authority to modify court-imposed community custody conditions after sentencing. *See State v. Hubbard*, 1 Wn.3d 439, 446, 527 P.3d 1152 (2023); *see also State v. Harkness*, 145 Wn. App. 678, 685, 186 P.3d 1182 (2008) (trial court has only limited statutory authority to modify a sentence post judgment). Because the record demonstrates that the court imposed crime-related conditions Nos. 5 and 6 based on a misunderstanding of the law, we accept the State's concession and remand for the trial court to reconsider those conditions.

RCW 9.94A.703 has been amended since Wilke's sentencing, and under the law now in effect, the court may modify a substantive condition of community custody based on a "substantial change of circumstances" that renders the condition "no longer necessary for community safety." *See* LAWS OF 2024, ch. 118, § 2, RCW 9.94A.703(5). Therefore, on remand, the trial court should reconsider the challenged conditions in light of the correct law in effect at the time of sentencing and the recent statutory amendment. And, while the issue was not raised below, Wilke may also raise the issue of whether the imposition of costs associated with an evaluation and treatment would contravene the Social Security Act, since he receives social security income. *See State v. Catling*, 193 Wn.2d 252, 260, 438 P.3d 1174 (2019) (debt stemming from victim penalty assessment could not be satisfied from Social Security disability benefits).

We accept the State's concessions and remand to the trial court to strike the condition of community custody requiring Wilke to pay supervision fees and reconsider

crime-related conditions of community custody Nos. 5 and 6 imposed in the judgment and sentence entered in Whatcom County Superior Court Cause No. 22-1-01294-37.

FOR THE COURT:

_____

Díaz, J.
_____

Birk, J.
_____