# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>Respondent,<br><br>v.<br><br>MICHAEL RAYMOND AUMACK,<br><br>Appellant. | No. 58825-1-II<br><br><br><br>UNPUBLISHED OPINION |

MAXA, P.J. – Michael Aumack appeals the trial court's denial of his motion to hold the Department of Corrections (DOC) in contempt for allegedly failing to adhere to the conditions of community custody outlined in his 2012 judgment and sentence for attempted first degree child molestation. Aumack argues that the trial court erred by concluding that it lacked the statutory authority to enforce its sentencing orders and to address DOC's administration of his community custody conditions. The State contends that the trial court correctly determined that it did not have personal jurisdiction over DOC and asserts that any challenge should be raised through a personal restraint petition (PRP).

We hold that the trial court did not err in concluding that it lacked personal jurisdiction over DOC and therefore had no authority to find DOC in contempt. Accordingly, we affirm the trial court's denial of Aumack's contempt motion.

FACTS

In 2012, Aumack pled guilty to attempted first degree child molestation. The trial court sentenced him to a minimum term of confinement of 43 months and a maximum term of life. The court also sentenced Aumack to lifetime community custody. The judgment and sentence imposed several community custody conditions. Community custody condition 7 stated,

> You shall not enter into or frequent business establishments or areas that cater to minor children without being accompanied by a responsible adult. Such establishments may include but are not limited to video game parlors, parks, pools, skating rinks, school grounds, malls or any areas routinely used by minors as areas of play/recreation.

Clerk's Papers (CP) at 40.

In 2016, the Indeterminate Sentence Review Board (ISRB) ordered Aumack's release from prison to community custody. The order stated that Aumack was required to comply with the conditions in his judgment and sentence.

In 2023, Aumack filed a motion with the trial court under the cause number for his 2012 criminal conviction, seeking an order for DOC "to show cause why it has failed to comply with this court's judgment and sentence regarding community custody conditions." CP at 45. Specifically, he argued that DOC failed to follow the trial court's condition 7 by refusing to recognize his wife as a "responsible adult," thereby restricting his ability to attend certain public events. Aumack sought an order holding DOC in contempt. DOC opposed the motion, arguing that the trial court lacked personal jurisdiction to oversee its administration of the community custody conditions because it was not a party to the action.

The trial court held a show cause hearing. The court concluded that it lacked personal jurisdiction over DOC and therefore did not have authority to hold DOC in contempt. The court denied the motion for contempt.

Aumack appeals the trial court's denial of his contempt motion.

ANALYSIS

Aumack argues that the trial court erred in determining that it lacked jurisdiction to enforce its community custody conditions and to address DOC's administration of those conditions. We disagree.

RCW 9.94A.507 governs the sentencing of sex offenders. RCW 9.94A.507(5) requires the trial court to impose a term of community custody "for any period of time the person is released from total confinement before the expiration of the maximum sentence," which for Aumack was life. Under RCW 9.94A.704(1), "[e]very person who is sentenced to a period of community custody shall report to and be placed under the supervision of [DOC]." But DOC cannot contravene court-imposed conditions. RCW 9.94A.704(6).

Aumack argues that trial courts have inherent authority to enforce their sentencing orders. However, the question here is whether the trial court had personal jurisdiction over DOC. "A court does not have personal jurisdiction over a party if the individual or entity is not designated as a party and has not been made a party by service of process. If a court lacks personal jurisdiction over a party, any order entered against that party is void." *Dept. of Soc. & Health Servs. v. Zamora*, 198 Wn. App. 44, 73, 392 P.3d 1124 (2017) (citations omitted).

Here, Aumack filed his contempt motion in the case in which he was convicted. But there is no record that DOC was designated as a party, nor had the trial court obtained personal jurisdiction over DOC by service of process. Therefore, the trial court did not have personal jurisdiction over DOC and it had no authority to find DOC in contempt.

DOC acknowledges that a trial court may be able to find a nonparty agency such as DOC in contempt under certain circumstances if the court imposes specific obligations on the nonparty

3

based on express statutory authority. But no court order imposes any obligation on DOC regarding the application of community custody condition 7, and there is no express statutory authority allowing the trial court to supervise DOC's administration of the court's community custody conditions. In fact, after the judgment and sentence is entered, absent express statutory authority the trial court " 'loses jurisdiction to the DOC.' " *State v. Hubbard,* 1 Wn.3d 439, 445, 527 P.3d 1152 (2023) (quoting *State v. Harkness*, 145 Wn. App. 678, 685, 186 P.3d 1182 (2008)).

As DOC acknowledges, Aumack is not without a remedy. In *State v. Ortega*, this court addressed community custody conditions imposed by a community corrections officer. 21 Wn. App. 2d 488, 496, 506 P.3d 1287 (2022). The court stated, "[i]f there is an unreasonable exercise of discretion in a condition's application, the offender may bring a challenge based on those particular facts through a personal restraint petition." *Id.* at 496-97. This comment applies equally to the application of a court-imposed condition. A person on community custody is under "restraint" as required in RAP 16.4(b). *In re Pers. Restraint of Ansell*, 1 Wn.3d 882, 892, 533 P.3d 875 (2023). And the improper application of a community custody condition would constitute an unlawful restraint under RAP 16.4(c)(7).

We hold that the trial court did not err in concluding that it did not have personal jurisdiction over DOC and therefore had no authority to find DOC in contempt.

CONCLUSION

We affirm the trial court's denial of Aumack's contempt motion.

No. 58825-1-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

MAXA, P.J.

We concur:

LEE, J.

GLASGOW, J.